UNITED STATES of America,
Appellee,

v.

Leonardo Torres DELGADO, Appellant.

No. 684, Docket 72–1045.

United States Court of Appeals,
Second Circuit.

Argued April 14, 1972.

Decided April 28, 1972.

Sheila Ginsberg, New York City (Robert Kasanof, The Legal Aid Society, New York City, of counsel), for appellant.

Robert P. Walton, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Jon A. Sale, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, and SMITH and OAKES, Circuit Judges.

PER CURIAM:

Leonardo Torres Delgado appeals from a judgment of the United States District Court for the Southern District of New York of conviction on trial to the jury (Milton Pollack, *Judge*) on two counts of uttering forged United States Treasury checks, in violation of 18 U.S.C. §§ 495, 2 and two counts of possession of the same checks knowing they had been stolen from the mail, in violation of 18 U.S.C. §§ 1708, 2. Delgado claims that the only witness who testified to his possession and negotiation of the check which was the basis for two of the four counts was incompetent

to do so, lacking personal knowledge of the transaction.[1] We disagree and affirm the conviction.

■ The witness, Albert Cohen, testified that he received the U. S. Treasury check for $126.82, payable to Mike and Casilda Morales, from his delivery man, to whom Delgado had given it in payment for merchandise.[2] The check bore several endorsements, the last of which was "Blackie," appellant's nickname.[3] Cohen, a fruit and vegetable wholesaler, testified that it was routine practice in his business to require the delivery men to accept no checks in payment for goods unless either the customer or the employee wrote the former's name on the reverse of the check. Given this habit or custom of the business, appellant's name on the check was circumstantial evidence of negotiation by him.[4] United States v. Oddo, 314 F.2d 115, 117 (2d Cir.), cert. denied, 375 U.S. 833, 84 S.Ct. 50, 11 L.Ed.2d 63 (1963); McCormick on Evidence § 162 at 343.[5]

■ We note that even were the convictions on the two counts deriving from this transaction reversed, the resentencing which appellant requests would not be appropriate. His twelve-month sentence was well within the statutory maximum of five years under section 1708 and ten years under section 495. In light of the numerous transactions in stolen checks, extending over a considerable length of time, revealed by the evidence, this court is "firmly convinced" that the absence of these two counts would not have affected appellant's sentence. United States v. Febre, 425 F.2d 107 (2d Cir.), cert. denied, 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1970); United States v. Marino, 421 F.2d 640 (2d Cir. 1970).

1. Delgado was sentenced to a twelve-month term of imprisonment on each count, the sentences to run concurrently. We have jurisdiction to review a challenge to conviction on two of the counts despite the concurrent nature of the sentences. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

2. Casilda Morales testified that she expected the tax refund check but never received it nor authorized anyone to sign her name to it.

3. The address of Delgado's store was also written on the check.

4. Cohen also testified that the check was returned from the bank unpaid and that he then asked Delgado for reimbursement, which the latter agreed to provide. Although there was some doubt about whether this check was the subject of that conversation, as Cohen did not show Delgado a photocopy of the check when requesting payment and as another of Delgado's checks had previously "bounced," the jury could have found that the Morales check was the item being discussed.

5. In addition, under 28 U.S.C. § 1732, the name on the check is admissible as a business record of the transaction "if [it was] made in regular course of business, and if it was the regular course of such business to make such . . . record. . . ." The maker of the record need not testify if, as here, the trustworthiness of the evidence is established through testimony about the business practice in general and the fact that this record in particular was made as part of that routine. Cullen v. United States, 408 F.2d 1178 (8th Cir.1969); United States v. Dawson, 400 F.2d 194, 198–199 (2d Cir. 1968), cert. denied, 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969); United States v. Re, 336 F.2d 306 (2d Cir.), cert. denied, 379 U.S. 904, 85 S.Ct. 188, 13 L.Ed.2d 177 (1964). The endorsement on the check is also therefore under the statute evidence which the trier could consider of negotiation by Delgado.